UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 99 SUTTON LENDER, LLC, ) | CASE NO. |
| ) | |
| Plaintiff, ) | |
| ) | **NOTICE OF REMOVAL** |
| vs. ) | |
| ) | |
| JOSEPH TORRES A/K/A JOSE I TORRES, JR., ) | |
| ) | |
| Defendant. ) | |

**TO THE HONORABLE DISTRICT COURT JUDGE ASSIGNED TO THESE PROCEEDINGS:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §1452, 28 U.S.C. §157(a), Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and further based on the grounds set forth in this Notice of Removal, defendant Joseph Torres ("Defendant") in a civil action entitled 99 Sutton Lender, LLC v. Joseph Torres a/k/a Jose I. Torres, Jr. (Index No. 09/0022867), pending in the Supreme Court of the State of New York, Kings County (the "Action"), byand through his counsel, Kucker Marino Winiarsky & Bittens, gives notice that the Action is hereby removed to the United States District Court for the Eastern District of New York (the "District Court"). This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1334. In support of Defendant's Notice of Removal, Defendant respectfully represents the following:

1. This action involves claims brought against Defendant, as guarantor, by plaintiff 99 Sutton Lender, LLC ("Plaintiff") for sums due pursuant to two guarantees in connection with a note and loan agreement by and between Plaintiff, as successor to Customers Bank, and 99 Sutton LLC,[1] in the total principal amount of $19,500,000. The amount sought to be

---

[1] In addition to being a guarantor, Defendant is also the managing member of 99 Sutton LLC.

recovered by Plaintiff is alleged to be in the amount of $20,177,734.52. Defendant hereby files this notice that a Chapter 11 bankruptcy petition was filed on behalf of 99 Sutton LLC, in the United States Bankruptcy Court, Eastern District of New York, on December 20, 2021, assigned case no. 1-21-43124-ess, and assigned to the Honorable Elizabeth S. Stong, for all purposes.

2. The issues and agreements at stake in the present action are inextricably linked to 99 Sutton LLC's pending Chapter 11 case. The connections to the bankruptcy include, but are not limited to, the following:

    a. First, if the Bankruptcy Court approves a restructuring plan filed by 99 Sutton, LLC in its Chapter 11 case, Defendant, as guarantor, may be relived of any liability under the alleged guarantees that the Plaintiff in the instant action seeks to enforce.

    b. Second, any recovery awarded under the alleged guarantees would be subject to a reduction of monies paid by 99 Sutton LLC.

    c. Third, the prohibition against duplicative recovery requires that, in the event a judgment is enforced by Plaintiff in this action, the resulting recovery be applied as an offset to reduce its claims against the bankruptcy estate, thereby potentially increasing the distribution to the Plaintiff and other potential creditors.

3. Each claim and cause of action in this action is related to the Chapter 11 case of 99 Sutton LLC. This action is one "arising under title 11 or arising in or related to [a case] under title 11," and this Court therefore has original jurisdiction over this action. 28 U.S.C. §1334(b). Jurisdiction exists under Section 1334(b) if the case "could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995). *See In re Cuyahoga Equip Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). "Related to" jurisdiction is construed broadly in the Second Circuit to encompass "nearly

every matter directly or indirectly related to the bankruptcy." *California Pub. Emples. Retirement Sys. v Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004). A proceeding is thus "related to" a bankruptcy proceeding even if it does not involve claims against 99 Sutton, LLC or 99 Sutton LLC's property. *See In re Cuyahoga*, 980 F.2d at 114.

4. 28 U.S.C. §1452(a) provides: "[a] party may remove any claim or cause of action in a civil action […] to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Thus, because this Court has original jurisdiction over the Plaintiff's claims under section 1334, those claims may be removed to this Court under section 1452. Further, removal of each claim and cause of action of the civil action to the Bankruptcy Court is authorized by 28 U.S.C. §§1452, 1334 and 157 and the Amended Standing Order of Reference M10-468, Docketed at 12 Misc. 00032, dated January 31, 2012 and filed February 1, 2012 ("Amended Standing Order of Reference"). Removal is in accordance with Bankruptcy Rule 9027.

5. Finally, the claims and causes of action subject to removal are "core" matters with respect to 99 Sutton LLC's Chapter 11 cases because their resolution will have a clear and direct impact on property of the estate under 11 U.S.C. §541. Indeed, the rights and responsibilities of the parties to this action cannot be decided without threshold determinations by the Bankruptcy Court, and certain claims may be mooted altogether if a reorganization is approved.

6. In addition, resolution of the claims asserted in this action will significantly affect the handling and administration of the bankruptcy estate, would involve an estimation of claims or interest of the purpose of confirming a plan of reorganization under chapter 11, and would affect the adjustment of the debtor/creditor or the equity security holder relationship. Consequently, this action also involves "core" bankruptcy matters under 28 U.S.C. §157(b)(2) (A)(B) and (C).

7. Pursuant to 28 U.S.C. §1446(a) and/or Bankruptcy Rule 9027(a)(1), all process, pleadings and orders served on Defendant in this action are being filed along with this Notice of Removal and are attached hereto as exhibits.

8. Pursuant to 28 U.S.C. §1446(d) and/or Bankruptcy Rule 9027(b) and (c), promptly after the filing of the instant Notice of Removal with the Court, copies of the instant Notice of Removal (without the attached state court pleadings) will be filed with the Clerk of the Court for the Supreme Court of the State of New York, County of Nassau and will be served on counsel for the other parties to the removed action.

9. Defendant seeks removal pursuant to 28 U.S.C. 1446(b)(2)(A).

10. Upon removal, Defendant will promptly seek to refer this matter to the Bankruptcy Court.

**WHEREFORE**, the Defendant hereby removes the Action to the United States District Court for the Eastern District of New York, and requests that the Action be transferred and referred to the United States Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a) and the District Court's General Order of Reference.

Dated:  New York, New York
February 17, 2022

**KUCKER MARINO WINIARSKY & BITTENS, LLP**

/S/ Joel M. Shafferman
_____
Joel M. Shafferman, Esq.
Nativ Winiarsky, Esq.
*Attorneys for Defendant*
747 Third Avenue, 12th Floor
New York, New York 10017
(212) 869-5030

7

**LIST OF EXHIBITS**

Exhibit 1.  Summons and 3213 Motion (NYSCEF doc no. 1)

Exhibit 2. Notice of Motion for Summary Judgment in Lieu of Complaint (NYSCEF doc no. 2)

Exhibit 3.  Affidavit or Affirmation in Support of Motion (NYSCEF doc no. 3)

Exhibit 4. Exhibit A-Loan Agreement (NYSCEF doc no. 4)

Exhibit 5. Exhibit B-Payment Guaranty (NYSCEF doc no. 5)

Exhibit 6. Exhibit C-Carveout Guaranty (NYSCEF doc no. 6)

Exhibit 7. Exhibit D-Alonge (NYSCEF doc no. 7)

Exhibit 8. Exhibit E-Assignment of Mortgage (NYSCEF doc no. 8)

Exhibit 9. Exhibit F-Omnibus Assignment (NYSCEF doc no. 9)

Exhibit 10. Exhibit G-Notice of Assignment (NYSCEF doc no. 10)

Exhibit 11. Exhibit H-Default Notice (NYSCEF doc no. 11)

Exhibit 12. Exhibit I-Acceleration Notice (NYSCEF doc no. 12)

Exhibit 13. Exhibit J-Bankruptcy Petition (NYSCEF doc no. 13)

Exhibit 14. Exhibit K-Payoff Statement (NYSCEF doc no. 14)

Exhibit 15. Memorandum of Law in Support of Motion (NYSCEF doc no. 15)

Exhibit 16. RJI-Re: Notice of Motion (NYSCEF doc no. 16)

Exhibit 17. Addendum-Commercial Division (840C) (NYSCEF doc no. 17)

Exhibit 18. Affirmation/Affidavit of Service (Motion #1) (NYSCEF doc no. 18)